IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TRACEY SCOTT AND LORRENZO HAMPTON,
INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED                                              PLAINTIFFS

v.                              Case No. 3:18-cv-00056 (JLH)

REVCLAIMS, LLC and
ST. BERNARD'S HOSPITAL, INC.                                           DEFENDANTS

## AGREED PROTECTIVE ORDER

On this day, the following matter comes before the Court on the parties' joint request for entry of a protective order:

1. For purposes of this Order, "Confidential Documents" shall include any documents that a party or its counsel designated as confidential based upon a good-faith belief that the designation is appropriate because the documents contain proprietary or confidential business or financial information, trade secrets, or non-public information of a commercially sensitive, personal, or private nature. Any documents produced by a non-party in this action, pursuant to subpoena or otherwise, may be designated by the non-party, any party, or counsel for any party as "Confidential Documents" under the terms of this Order. Confidential Documents may include information of whatever kind, including, but not limited to, written information and information otherwise recorded on any medium, including, without limitation, paper, photographs, recordings, and electronic, optical, and magnetic disks and files.

2. Notwithstanding any other provision of this Order, this Order is not intended to comply with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), or the Privacy Rule, 45 C.F.R. § 160.101 et seq., and this Order shall not serve as a basis to demand

production of any documents or information that are or would be protected or prohibited from disclosure under HIPAA and/or the Privacy Rule.

3. For purposes of this Order, "Confidential Information" shall include any information provided in disclosures, in response to a written discovery request, as an exhibit to a motion or other filing, or in response to a deposition question that a party or its counsel, or a deponent or its counsel, designates as confidential based upon a good-faith belief that the designation is appropriate because of the proprietary or confidential business or financial nature of the information, trade secrets contained in the information, or the non-public, sensitive, personal, or private nature of the information.

4. At the time a party or non-party produces documents in this action, the producing party may designate documents as Confidential Documents by stamping on each page of the documents the work "Confidential."

5. At the time a party makes a disclosure or responds to a written discovery request, the producing party may designate information as Confidential Information by stating in writing in the disclosure or in response to the written discovery request that the information is Confidential Information and by indicating on the first page of the disclosure or written discovery responses that the document contains Confidential Information.

6. During any deposition, a deponent or counsel for a deponent, or a party or counsel for a party, may designate testimony being provided in response to a deposition question as Confidential Information. In addition, a deponent or counsel for a deponent, or a party or counsel for a party, may designate additional Confidential Information by indicating to all parties, in writing, 21 days following receipt of a deposition transcript the specific line numbers and page numbers of the transcript that contain Confidential Information.

7. If any party receiving Confidential Documents or Confidential Information believes that the documents or information is not entitled to the protections set forth in this Order, the receiving party shall, within 30 days of receiving the documents or information, indicate to the producing party, in writing, copying all parties to this action, the specific documents or information that the receiving party believes fall outside the protections set forth in this Order, and shall state in writing the rationale for the removal of the documents or information from the protections set forth in this Order.

8. If the producing party or any party to this action objects to the receiving party's written notice that the identified documents or information falls outside the protections set forth in this Order, the objection shall be made in writing to all counsel within 21 days of receiving the written notice, or the claim of confidentiality shall be waived. If an objection is made is writing, it shall state the rationale for maintaining the identified documents or information under the protections set forth in this Order. Counsel shall confer in good faith in person. If the parties are unable to resolve their dispute over the designation of that material, the parties shall follow the Court's Final Scheduling Order provisions regarding Discovery Disputes.

9. Neither the service of the written notice described in ¶ 7, nor the service of the written objection described in ¶ 8, shall remove the identified documents or information from the protections set forth in this Order. Until the parties resolve the dispute among themselves or the producing party or the party claiming confidentiality waives the claim of confidentiality, or the Court resolves the dispute (including any appeals), the identified documents or information shall retain the protections set forth in this Order.

10. The parties agree that Confidential Documents and Confidential Information shall not be disclosed, directly or indirectly, to anyone other than the parties, attorneys for the parties,

witnesses and potential witnesses, consultants, and expert witnesses specially retained or specially employed for purposes of the action. To the extent any Confidential Documents or Confidential Information is provided to non-party witnesses or potential witnesses, consultants, or expert witnesses, each non-party witness or potential witness, consultant, or expert witness shall agree in writing, in the form attached to this Order as Exhibit A, prior to receiving any Confidential Documents or Confidential Information, that he or she shall be bound by the terms of this Order and shall return all Confidential Documents and Confidential Information upon conclusion of the action. Each party shall keep its Exhibit A(s) containing original or electronic signatures until such time as each person or entity receiving Confidential Documents and Confidential Information pursuant to Exhibit A has returned or destroyed all Confidential Documents and Confidential Information. Nothing in this Order prevents any party from disclosing Confidential Documents and Confidential Information to the Court, its staff, and court reporters at deposition or trial, subject to any protections the Court may order with respect to the treatment of Confidential Documents and Confidential Information at trial. Nothing in this Order restricts what a producing party may do with the Confidential Documents or Confidential Information it produces.

11. The inadvertent, unintentional, or *in camera* disclosure of Confidential Documents and Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality. If Confidential Documents or Confidential Information is inadvertently produced without the appropriate designation of confidentiality, the receiving party shall, upon notice of the confidential status of the documents or information, treat the documents or information as if it had been appropriately designated confidential at the moment it was produced.

12. The parties and all persons subject to the provisions of this Order agree to use Confidential Documents and Confidential Information solely and exclusively for purposes of

preparing for, conducting, and participating in this action, and not for any other litigation or any other purpose. The parties' agreement to produce Confidential Documents and Confidential Information pursuant to this Order shall not be deemed an agreement that such information and documents (1) constitute or contain confidential information or trade secrets or other confidential research, development, financial, commercial, or personal information or (2) are relevant to any matter at issue in this action. Each party reserves the right to object to, and to seek an appropriate order limiting, any use that any other party may seek to make of Confidential Documents or Confidential Information either in discovery or at the trial of the action.

13. The parties agree that no copies of Confidential Documents or Confidential Information will be made except as necessary for the purposes of this action. If it becomes necessary to include information obtained from Confidential Documents or Confidential Information or to use Confidential Documents or Confidential Information in any court filing, then any Confidential Documents and Confidential Information, and any information obtained from those sources, shall be filed under seal, if not prohibited by law.

14. The parties agree to comply with the requirements of Fed. R. Civ. P. 5.2, to the extent they apply, and, if practicable, redact Confidential Information and Confidential Documents to avoid filing documents under seal.

15. Upon the conclusion of the action, all Confidential Documents and Confidential Information, all copies, extracts, summaries, and facsimiles thereof, and all electronically, optically, or magnetically stored information of any kind, including, without limitation, diskettes, compact disks, computer files, and similar storage media containing Confidential Documents or Confidential Information shall be destroyed or deleted, uninstalled, or otherwise removed from each computer, diskette, compact disk, computer file, and any other storage media by the receiving party.

Notwithstanding the foregoing, no documents subject to the attorney-client privilege or the work-product doctrine and summarizing or otherwise containing Confidential Documents and Confidential Information must be destroyed, but instead shall be maintained pursuant to this Order until destroyed in accordance with any standard destruction procedures. Additionally, upon request, a sworn certificate attesting to the destruction and electronic file deletion of non-privileged material and indicating that no non-privileged electronic information has been retained shall be executed by each party and by counsel for each party and delivered to all parties with 30 days after the conclusion of the action, including any appeals.

16. This Order expires 30 days after conclusion of this Action.

17. The Parties agree that nothing in this Order is intended to alter or diminish the protections of the attorney-client privilege or the work-product doctrine.

18. Because a violation of this Order by a receiving party could cause irreparable injury to the producing party, and there is no adequate remedy at law for such violation, the parties shall have the right, in addition to any other remedies available to them at law or in equity, to seek to enjoin a receiving party in this Court from any violation of this Order.

19. This Order shall inure to the benefit of, and be binding upon, the parties and their respective successors, heirs, agents, personal representatives, and assigns.

20. Any individual or entity that becomes a party to this action and has not subscribed to this Order as of the time it is presented to the Court for approval and entry may thereafter become a party to this Order by having its counsel sign and date a copy of this Order and filing it with the Court and serving the signed copy upon the other parties to this Order.

21. This Order is applicable to the parties for the sole purpose of facilitating discovery in the action. This Order and the confidentiality designations made pursuant to this Order may not

be used in any manner, directly or indirectly, as evidence at trial or any hearing or referred to at trial or any hearing in this action, except for a hearing that involves issues related to the enforcement of any provision of this Order.

22. Any time limit contemplated by this Order may be extended by an agreement in writing signed by counsel of record for each party.

23. This Order may not be otherwise amended in any manner whatsoever except by an agreement in writing signed by counsel of record for each party and adopted by Order of this Court.

It is so Ordered.

Dated: **September 4, 2018**

_____
Hon. J. Leon Holmes,
United States District Judge

APPROVED:

By: /s/ Brandon Lacy (with permission)
BRANDON W. LACY
Lacy Law Firm
*Attorneys for Plaintiffs*
*Tracey Scott and Lorrenzo Hampton*

By: /s/ Paul Waddell (with permission)
PAUL WADDELL
SAM WADDELL
Waddell, Cole & Jones, PLLC
*Attorneys for Defendant St. Bernards Hospital, Inc.*

By: /s/ Ryan M. Wilson
JOSEPH L. ADAMS
Jones Walker LLP

JEFFREY W. PURYEAR
MARK MAYFIELD
RYAN M. WILSON
Womack Phelps Puryear Mayfield & McNeil, P.A.
*Attorneys for Defendant RevClaims, LLC*

# EXHIBIT A
## CONFIDENTIALITY AGREEMENT

_____ hereby acknowledges that (s)he has read the Agreed Protective Order entered into by the parties in the case *Tracey Scott and Lorrenzo Hampton, Individually and on Behalf of All Others Similarly Situated v. RevClaims, LLC; and St. Bernards Hospital, Inc.*, Civil Action Number 3:18-cv-00056 JLH, pending in the U.S. District Court for the Eastern District of Arkansas; that (s)he acknowledges being bound by the terms of said Agreed Protective Order; and that (s)he fully understands the terms of said Agreed Protective Order.

Signature: _____

Date: _____