# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

TRACEY SCOTT and LORRENZO HAMPTON,　　　　　　　　　　　　　PLAINTIFFS
individually and on behalf of all others similarly situated

v.　　　　　　　　　　　　　No. 3:18CV00056 JLH

REVCLAIMS, LLC; and
ST. BERNARD'S HOSPITAL, INC.　　　　　　　　　　　　　DEFENDANTS

## ORDER

On October 29, 2018, the Court entered an Order raising *sua sponte* the issue of whether subject matter jurisdiction exists in this case. The Court directed the plaintiffs to file a brief explaining the basis for the assertion that the amount in controversy exceeds $5 million as required by 28 U.S.C. § 1332(d)(2) and addressing the elements of § 1332(d)(4).

The plaintiffs' brief in substance adopts this Court's jurisdictional analysis in *Garrison v. RevClaims, et al.*, Case No. 3:16CV00253. There, the plaintiff sought to represent a class of persons who had received treatment in several different hospitals – including one in Memphis and another in Little Rock – who were insured under an Arkansas qualified health plan, were injured by a third party, and whose claim was impaired by a lien. The plaintiff commenced the *Garrison* case in state court; the defendants removed the case to this Court asserting subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d); and the plaintiffs moved to remand, relying on the local controversy exception in § 1332(d)(4). The complaint in *Garrison* alleged that hundreds if not thousands of persons could be included in the potential class and, thus, the amount in controversy exceeded $5 million. In light of the number and size of the hospitals named as defendants, that allegation appeared plausible. No party argued that the amount in controversy fell short of CAFA's

$5 million requirement. Based on the face of the complaint and the absence of any dispute on that issue, the Court concluded that the statutory minimum amount in controversy was met.

Here, the putative class is identical to the class in *Garrison* except that it is limited to persons who received treatment at St. Bernard's Hospital in Jonesboro. As in *Garrison*, the complaint alleges that the putative class includes hundreds if not thousands of persons; but since the class is limited to persons who received treatment at St. Bernard's and who otherwise meet the class definition, that allegation cannot be deemed plausible on its face. The plaintiffs have not, in their complaint or their brief, explained the basis for the allegation that the amount in controversy here exceeds $5 million.

The defendants filed a three-sentence brief stating that the potential damages arising from the purported claims fall "way short" of the sum required for original jurisdiction.

In reply, the plaintiffs again refer to the *Garrison* case. In the alternative, the plaintiffs request an opportunity to conduct a limited amount of discovery on the issue of whether the amount in controversy exceeds $5 million.

That request is granted. The Court authorizes the parties to engage in discovery for a period of 60 days from the date of this Order on the issue of whether this Court has subject matter jurisdiction. The parties must file simultaneous briefs, together with any evidence upon which they rely, on March 6, 2019.

IT IS SO ORDERED this 6th day of December, 2018.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE